# United States District Court
## WESTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **ORDER OF DETENTION** |
| V. | **PENDING TRIAL** |
| **STEVEN JOHN GLASS** | Case Number: <u>1:11-CR-143</u> |

In accordance with the Bail Reform Act, 18 U.S.C.§3142(f), a detention hearing has been held. I conclude that the following facts require the detention of the defendant pending trial in this case.

## Part I - Findings of Fact

☐ (1) The defendant is charged with an offense described in 18 U.S.C. §3142(f)(1) and has been convicted of a (federal offense) (state or local offense that would have been a federal offense if a circumstance giving rise to federal jurisdiction had existed) that is

  ☐ a crime of violence as defined in 18 U.S.C.§3156(a)(4).

  ☐ an offense for which the maximum sentence is life imprisonment or death.

  ☐ an offense for which the maximum term of imprisonment of ten years or more is prescribed in _____
  _____

  ☐ a felony that was committed after the defendant had been convicted of two or more prior federal offenses described in 18 U.S.C.§3142(f)(1)(A)-(C), or comparable state or local offenses.

☐ (2) The offense described in finding (1) was committed while the defendant was on release pending trial for a federal, state or local offense.

☐ (3) A period of not more than five years has elapsed since the (date of conviction) (release of the defendant from imprisonment) for the offense described in finding (1).

☐ (4) Findings Nos. (1), (2) and (3) establish a rebuttable presumption that no condition or combination of conditions will reasonably assure the safety of (an)other person(s) and the community. I further find that the defendant has not rebutted this presumption.

## Alternate Findings (A)

☐ (1) There is probable cause to believe that the defendant has committed an offense

  ☐ for which a maximum term of imprisonment of ten years or more is prescribed in _____

  ☐ under 18 U.S.C.§924(c).

☐ (2) The defendant has not rebutted the presumption established by finding 1 that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community.

## Alternate Findings (B)

☒ (1) There is a serious risk that the defendant will not appear.

☐ (2) There is a serious risk that the defendant will endanger the safety of another person or the community.

Defendant is age 28. As a juvenile in 1995, he was ordered to complete sex offender counseling resulting from assaults on 3 separate victims under the age of 13. There were several other adjudications while defendant was a juvenile as well. Recognizing that a person can mature, however, the court is more concerned with the defendant's 14 convictions as an adult. Of particular concern are violations of the law or violations of court orders that reflect defendant's inability to comply with the direction of courts or court agencies. While any criminal violation is a disregard of the legislative directive, in certain instances, an individual has been singled out and put on notice that his conduct is circumscribed (continued on attachment)

## Part II - Written Statement of Reasons for Detention

I find that the credible testimony and information submitted at the hearing establishes by a preponderance of the evidence that

no condition or combination of conditions will assure defendant's presence for trial in light of his continued demonstrated refusal to conform with court orders and orders of court-related institutions. He either does this willfully or is unable to conform his conduct due to his substance abuse and mental difficulties. In either event, he cannot be relied upon to follow the directions of the court and appear as necessary.

## Part III - Directions Regarding Detention

The defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver the defendant to the United States marshal for the purpose of an appearance in connection with a court proceeding.

Dated: <u>May 19, 2011</u>

<u>/s/ Hugh W. Brenneman, Jr.</u>
*Signature of Judicial Officer*

<u>Hugh W. Brenneman, United States Magistrate Judge</u>
*Name and Title of Judicial Officer*

*Insert as applicable: (a) Controlled Substances Act (21 U.S.C. §801 *et seq.* ); (b) Controlled Substances Import and Export Act (21 U.S.C. §951 *et seq.* ); or (c) Section 1 of Act of Sept. 15, 1980 (21 U.S.C. §955a).

**Alternate Findings (B)** - (continued)

by certain requirements.  In this case, for example, defendant in May 2004 was convicted of driving while license suspended.  Clearly, defendant had been put on notice that he was not allowed to drive a car and did so anyway.  In August of the same year he failed to register as a sex offender.  A similar charge arose a month later but was dismissed pursuant to a plea to the earlier failure to register.  In December of 2004, defendant violated his bond.  The following month, in January 2005, defendant failed to appear in response to an order to show cause why he had failed to pay a fine.  This necessitated a bench warrant being issued.  During the same year defendant failed to appear for a settlement conference pertaining to his driving while license expired.  Later that year he was convicted of another instance of driving while unlicensed, and he also failed to appear for arraignment in that instance.  More recently, in 2010, defendant was convicted of driving while his license was suspended after failing to appear for an arraignment in October 2010, a pretrial conference in November 2010, and a settlement conference in January 2011.  New charges that defendant failed to register as a sex offender which arose in 2011 have been nolle prossed.  Defendant is presently charged with being a felon who was both in possession of a firearm and an unregistered firearm.  This appears to arise out of a state case where he was charged with possession of a short-barrelled shotgun in an automobile.

Defendant has been unemployed for the past 4 years and has no permanent residence.  He has been diagnosed as bipolar and borderline schizophrenic.  He was hospitalized for two weeks followed by out-patient counseling in 2009, and subsequently went off his medications.  Since being incarcerated he has been taking his medications with some success, but there is no guarantee he would continue to do so were he released.  He has a record of alcohol consumption and substance abuse dating back a decade.

**Part II - Written Statement of Reasons for Detention** - (continued)